IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY LOUISE RICHARDSON DOZIER,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CASE NO. 1:12-cv-518-MEF |
| ) | |
| CHERLENE VICKERS, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Plaintiff's Complaint (Doc. 1). On June 25, 2012, the District Judge entered an Order (Doc. 3) referring the case to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. On July 6, 2012, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) was granted and service of process was stayed pending review under 28 U.S.C. § 1915 (2000). For the reasons that follow, it is the RECOMMENDATION of the undersigned that this action be DISMISSED prior to service of process.

**I.   DISCUSSION**

Plaintiff was initially arrested on July 16, 1987, for possession of cocaine and was sentenced on April 29, 1988. (Doc. 1-3). While on parole for the 1987 conviction, Plaintiff was arrested for selling crack cocaine to an undercover police officer. (Doc. 1-6). Plaintiff's parole was revoked on October 28, 1988, and she was sentenced to a two-year prison term. (Doc. 1-3). Subsequent to her release, Plaintiff was convicted of unlawful distribution of a

controlled substance and was sentenced in June 1991 and November 1992 to a sixty-year prison term. (Doc. 1-1). It is unclear when Plaintiff was released from prison; however, her Motion to Proceed *in forma pauperis* indicates that she is not currently incarcerated. (Doc. 2) at 2.

In her Complaint, Plaintiff asks the court to "grant her damages for being unlawfully detained and unlawfully imprisoned" which "violated her rights guarenteed [sic] by the United States Constitution 1st, 4th, 5th, and 8th and 14th Amendment." (Doc. 1) at 3. She alleges that her cause of action arose from cases "89000016 through 89000019" which were the basis of the June 1991 and November 1992 sentence. However, a plaintiff is barred from seeking damages based on prior convictions unless the convictions were overturned or reversed on appeal. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Plaintiff's convictions have not been overturned; therefore, her claims are barred by *Heck*. This bar is applicable even though Plaintiff is no longer incarcerated and thus cannot seek *habeas* relief. *Heck*, 512 U.S at 490 n.10 (Justice Scalia, writing for the majority, noted that "the principle barring collateral attacks–a

longstanding and deeply rooted feature of both the common law and our own jurisprudence–is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated."). Further, a plaintiff cannot bring a damages claim under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. Plaintiff's claim of false imprisonment alleges that she has been wrongfully convicted and she seeks damages as relief. Thus, a ruling in Plaintiff's favor would directly imply the invalidity of her convictions. As such, her claims are not cognizable under § 1983. *See Christy v. Sheriff of Palm Beach Cnty., Fla.*, 288 F. App'x 658, 666 (11th Cir. 2008) (holding that the district court was correct to dismiss claims under *Heck* because if plaintiff prevailed on the claims, it would necessarily imply the invalidity of his conviction).

Even if Plaintiff's claims were not barred by *Heck*, the applicable statute of limitations for asserting the claim had expired. For actions brought pursuant to 42 U.S.C. § 1983, federal courts apply their forum state's general or residual statute of limitations for personal injury actions. *See Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). In Alabama, the general statute of limitations for personal injury actions is two years. Ala. Code Ann. § 6-2-38; *see also Lufkin v. McCallum*, 956 F.2d 1104, 1108 (11th Cir. 1992). A claim for false imprisonment accrues when "detention without legal process ends," even though "the full extent of the injury is not then known or predictable." *Blakely v. Johnston*, 2010 WL 4269186, at *5 (S.D. Ala. Sept. 21, 2010) (quoting *Wallace v. Kato*, 548 U.S. 384, 388-91

(2007)). Thus, Plaintiff's claim for false imprisonment accrued at least by the time of her sentencing in June 1991 and November 1992.[1] Thus, the two year statute of limitations for filing the § 1983 claim had more than passed when this action was filed on June 19, 2012. Accordingly, this case is due to be dismissed.

## II.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED, prior to service of process, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) (2000). It is further

ORDERED that on or before **September 12, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v.*

---

[1] Plaintiff submits Doc. 1-7, a "Case Action Summary Continuation," for the court's consideration. Plaintiff's request for reconsideration was filed and denied in July 2008, and fines and costs were remitted at that time. Even if this court were to consider that date, which is the most recent date included in Plaintiff's Complaint, as the accrual point, Plaintiff's claim is still untimely.

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE